```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```
_____

MANOJ KUMAR,                      )
                                  )
    Plaintiff,                    )
                                  )
vs.                               )    Civil No.    08-2689-D/P
                                  )
HILTON HOTELS CORPORATION,        )
                                  )
    Defendant.                    )
                                  )

_____

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND
                MOTION FOR PROTECTIVE ORDER**
_____

    Before the court by order of reference is defendant Hilton Hotels Corporation's Second Motion for Protective Order, filed February 26, 2009.  (D.E. 32.)  On April 14, 2009, the court held a hearing on this motion.  Counsel for all parties were present and heard.  At the conclusion of the hearing, the court GRANTED in part and DENIED in part the motion as follows:

    The court finds that, in this case, company-wide discovery relating to employees who worked outside of Hilton Hotel's Memphis location is not reasonably calculated to lead to the discovery of admissible evidence.  See Grissom v. Ingles Markets, Inc., 2008 U.S. Dist. LEXIS 77580, at *2-3 (E.D. Tenn. Oct. 2, 2008); Moore v. Abbott Labs, 2007 U.S. Dist. LEXIS 88649, at *8-11 (S.D. Ohio Nov. 20, 2007).  Moreover, Kumar has not sufficiently demonstrated that employees who worked in Hilton Hotel's other offices or who were supervised by different managers would be "similarly situated" to him.  Jackson v. FedEx Corporate Servs., Inc., 518 F.3d 388, 393-94

(6th Cir. 2008); <u>Ercegovich v. Goodyear Tire & Rubber Co.</u>, 154 F.3d 344, 351 (6th Cir. 1998); <u>see also</u> <u>Myers v. Case Corp.</u>, No. C 98-2733 THE, 2000 WL 274197, at *6 (N.D. Cal. Mar. 7, 2000); <u>Sanders v. Culinary Workers Union Local No. 226</u>, 804 F. Supp. 86, 98 (D. Nev. 1992).

Therefore, the court modifies Interrogatories 12 through 15 and Requests for Production 20 through 22 as follows:

<u>Interrogatory No. 12:</u>  Defendant shall identify all employees of Indian national origin or employees who were non-U.S. citizens who worked at Hilton's Memphis office and who were terminated by Gustafson, Huda, or any supervisor who directly supervised either Gustafson or Huda during the period of 2006-2007, for reasons related to work performance, from January 2003 through December 2007, and describe the reasons for the employee's termination.

<u>Interrogatory No. 13:</u>  Defendant shall identify and describe all complaints relating to discrimination based on race,[1] national origin, alieanage, or retaliation, about Gustafson, Huda, or any supervisor who directly supervised either Gustafson or Huda during the period of 2006-2007, whether substantiated or unsubstantiated, that any employee in Hilton's Memphis office made to Hilton or filed with any administrative or judicial body, either orally or in writing, from January 2003 through December 2007.

---

[1] Some courts have recognized that race and national origin discrimination claims may substantially overlap or even be indistinguishable depending on the specific facts of a case. <u>See, e.g.</u>, <u>Deravin v. Kerik</u>, 335 F.3d 195, 201 (2d Cir. 2003) (citing cases).

<u>Interrogatory No. 14</u>:  This interrogatory is modified by the court to include the same information as Interrogatory no. 13, and therefore Hilton need not respond to this interrogatory.

<u>Interrogatory No. 15</u>:  Defendant shall identify and describe the investigation, if any, and disciplinary action, if any, which resulted from the reports or complaints identified in response to Interrogatory no. 13.

<u>Request for Production No. 20</u>:  Defendant shall produce any documents relating to the reports or complaints of discrimination identified in response to Interrogatory no. 13.

<u>Request for Production No. 21</u>: Defendant shall produce any documents relating to investigation and disciplinary action identified in response to Interrogatory no. 15.

<u>Request for Production No. 22</u>:  Defendant need not respond to this request, since this request as modified by the court seeks the same documents as Request for Production no. 20.

Finally, Hilton Hotels shall respond to these interrogatories and document requests, as ordered by the court, within twenty (20) days from the entry of this order.

IT IS SO ORDERED.

<pre>
                                 s/ Tu M. Pham
                                 TU M. PHAM
                                 United States Magistrate Judge

                                 April 17, 2009
                                 Date
</pre>