```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```
_____

MANOJ KUMAR,                    )
                                )
    Plaintiff,                  )
                                )
v.                              )
                                )   No. 08-2689 D/P
HILTON HOTELS CORPORATION,      )
                                )
    Defendant.                  )
                                )
                                )
                                )

_____

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR RETURN OF PRIVILEGED MATERIAL**
_____

    Before the court is defendant Hilton Hotels Corporation's ("Hilton") Emergency Motion for Return of Privileged Documents and Non-Waiver of Privilege. (D.E. 44.) At the court's direction, Hilton submitted the documents at issue to the undersigned Magistrate Judge for *in camera* review. On April 30, 2009, the court entered an order directing the parties to file supplemental memoranda regarding the applicability of the attorney-client privilege and/or work product doctrine to these documents. The court has now reviewed the supporting memoranda, as well as the reply brief submitted by Hilton. For the reasons below, the motion is GRANTED.

    The attorney-client privilege "protects from disclosure 'confidential communications between a lawyer and his client in

matters that relate to the legal interests of society and the client.'" Ross v. City of Memphis, 423 F.3d 596, 600 (6th Cir. 2005) (quoting In re Grand Jury Subpoena (United States v. Doe), 886 F.2d 135, 137 (6th Cir. 1989)). The elements of the attorney client privilege are:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) unless the protection is waived.

Reed v. Baxter, 134 F.3d 351, 355-56 (6th Cir. 1998); see also Jones v. Nissan North America, Inc., No. 3:07-0645, 2008 WL 4366055, at *6 (M.D. Tenn. Sept. 17, 2008).

The attorney work product doctrine "generally protects from disclosure documents prepared by or for an attorney in anticipation of litigation." Reg'l Airport Auth. of Louisville v. LFG, LLC, 460 F.3d 697, 713 (6th Cir. 2006). Federal Rule of Civil Procedure 26(b)(3) provides that:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. . . . If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's

Case 2:08-cv-02689-BBD-tmp   Document 65   Filed 06/16/09   Page 3 of 8    PageID 536

      attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3)(A),(B).

    In <u>Toledo Edison Co. v. G A Techs., Inc.</u>, 847 F.2d 335 (6th Cir. 1988), the Sixth Circuit established a sequential analysis that the court must use in determining whether the work product doctrine applies.  First, the court must determine whether the document is "otherwise discoverable under subdivision (b)(1)," that is, that the document is relevant and not privileged.  Second, the party seeking to invoke the work product doctrine must show that the information was (1) prepared in anticipation of litigation or for trial and (2) prepared by that party or its representative.  The parties can make or oppose this showing by submitting, among other things, affidavits made on personal knowledge, depositions, or answers to interrogatories.  Third, if such a showing is made, the burden shifts to the party seeking disclosure of the document to show (1) that the party has a substantial need for the information and (2) that the party is unable to obtain the substantial equivalent of the materials without undue hardship.  Finally, even if the party seeking the document shows substantial need and undue hardship, the objecting party may avoid discovery by showing that the document contains mental impressions, conclusions, opinions, or legal theories of an attorney or other representative

-3-

of the party concerning the litigation.[1]  Id. at 339-40; see also In re Powerhouse Licensing, LLC, 441 F.3d 467, 473 (6th Cir. 2006); Arkwright Mutual Ins. Co. v. Nat'l Union Fire Ins. Co. Of Pittsburgh, No. 93-3084, 1994 WL 58999, at *3 (6th Cir. Feb. 25, 1994); Coleman v. Bradshaw, No. 3:03-cv-299, 2007 WL 1731224, at *3 (S.D. Ohio June 14, 2007); Guardsmark, Inc. v. Blue Cross and Blue Shield of Tenn., 206 F.R.D. 202, 206-07 (W.D. Tenn. 2002).

If information protected by the attorney-client privilege or work product doctrine is produced during discovery,

> the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5)(B).[2]

The attorney-client privilege and work product doctrine may be

---

[1] The term "representative of the party" includes the same persons as the term "party's representative" set out earlier in the rule, including a party's attorney, consultant, surety, indemnitor, insurer, or agent.  Toledo Edison, 847 F.2d at 340; see also Nat'l Union Fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 984 (4th Cir. 1992)("This is so whether the material was actually prepared by the attorney or by another 'representative' of the party.").

[2] In the April 30 order, the court directed Kumar to sequester the documents at issue (D000010 and D000013 through D000076) until such time that the court resolved the claims.

waived under certain circumstances, including through inadvertent disclosure.  See Jackson v. Bd. of Educ. of Memphis City Schools, No. 07-2497, 2008 WL 747288, at *2 (W.D. Tenn. Mar. 18, 2008); Static Control Components, Inc. v. Lexmark Int'l, Inc., No. 04-84-GFVT, 2007 WL 902273, at *4 (E.D. Ky. Mar. 22, 2007); Fox v. Massey-Ferguson, Inc., 172 F.R.D. 653, 671 (E.D. Mich. 1995). "When a producing party claims inadvertent disclosure, it has the burden of proving that the disclosure was truly inadvertent." Fox, 172 F.R.D. at 671.  In Jackson, this court applied the "intermediate approach" to claims of inadvertent disclosure and explained that in determining whether a party has waived work product protection through inadvertent disclosure, a court should consider "(1) the reasonableness of precautions taken in view of the extent of document production, (2) the number of inadvertent disclosures, (3) the magnitude of the disclosure, (4) any measures taken to mitigate the damage of the disclosures, and (5) the overriding interests of justice."  Id. at *2 (quoting Fox, 172 F.R.D. at 671); see also Merenda v. Detroit Med. Ctr., No. 06-15601, 2009 WL 454670, at *4 (E.D. Mich. Feb. 24, 2009). Federal Rule of Evidence 502, which went into effect on September 19, 2008, addresses inadvertent disclosures by adopting the general principles of the "middle ground" approach discussed in Jackson:

> (b)  Inadvertent disclosure. – When made in a Federal proceeding or to a Federal office or agency, the disclosure does not operate as a waiver in a Federal or State proceeding if:

>   (1) the disclosure is inadvertent;
>
>   (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
>
>   (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

Fed. R. Evid. 502(b). The Explanatory Note to Rule 502(b) states that

>   The rule opts for the middle ground: inadvertent disclosures of protected communications or information in connection with a federal proceeding or to a federal office or agency does not constitute a waiver if the holder took reasonable steps to prevent disclosure and also promptly took reasonable steps to rectify the error. This position is in accord with the majority view on whether inadvertent disclosure is a waiver.
>
>   Cases such as Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co., 104 F.R.D. 103, 105 (S.D.N.Y. 1985) and Hartford Fire Ins. Co. v. Garvey, 109 F.R.D. 323, 332 (N.D. Cal. 1985), set out a multi-factor test for determining whether inadvertent disclosure is a waiver. The stated factors (none of which is dispositive) are the reasonableness of precautions taken, the time taken to rectify the error, the scope of discovery, the extent of disclosure and the overriding issue of fairness. The rule does not explicitly codify that test, because it is really a set of non-determinative guidelines that vary from case to case. The rule is flexible enough to accommodate any of those listed factors. Other considerations bearing on the reasonableness of a producing party's efforts include the number of documents to be reviewed and the time constraints for production.

Fed. R. Evid. 502 (Explanatory Note, Revised Nov. 28, 2007); see also Preferred Care Partners Holding Corp. v. Humana, Inc., No. 08-20424-CIV, 2009 WL 982449, at *4 (S.D. Fla. Apr. 9, 2009) (stating that the intermediate approach and the Rule 502(b) analysis are substantially similar).

Based on the court's *in camera* review of the documents, the court finds that (1) the email from Mary Ann Barkley (Hilton's Assistant Director of Human Resources) to Sarah Norton (Hilton's in-house counsel) pertaining to information gathered by Barkley at the request of in-house counsel relating to this litigation, is protected by the attorney-client privilege; and (2) the handwritten numbering on D000013 through D000076 created by Hilton's managers for the benefit of in-house counsel in anticipation of this litigation are protected under the work product doctrine.[3] Moreover, the court concludes that Hilton has not waived these protections. The disclosure was inadvertent, as it is clear Hilton intended to redact these portions of the documents prior to production. Hilton took reasonable steps to prevent disclosure, as evidenced by the fact that the Barkley email begins with the words "Attorney/Client Privileged Information" in bold letters, and Hilton's trial counsel attached a note to D000010 and D000013 directing her legal assistant to redact the Barkley email and the numbering prior to producing the documents to Kumar. Hilton promptly took steps to rectify the error and mitigate the damage of the disclosures, as Hilton's counsel immediately contacted Kumar's counsel to notify him of the inadvertent disclosure and to attempt to retrieve the documents. Hilton also took immediate steps to

---

[3] The court further finds that the relevance of the numbering on D000013 through D000076 is marginal, at best, and that Kumar does not have a substantial need for this information.

notify the court of this claim by filing the emergency motion. Finally, the number and magnitude of the disclosures in light of the overall document production weigh against waiver.

    For the reasons above, the motion is GRANTED.  Kumar shall return all copies of D000010 and D000013 through D000073 (including hard copies and electronic copies) to Hilton within seven (7) days from the entry of this order.  Hilton shall produce these documents to Kumar, after redacting the Barkley email on D000010 and the numbering at the top right hand corners of D000013 through D000073, within seven (7) days from the entry of this order.

    IT IS SO ORDERED.

                                         s/ Tu M. Pham
                                         TU M. PHAM
                                         United States Magistrate Judge

                                         June 16, 2009
                                         Date