IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MANOJ KUMAR,                          )
                                      )
    Plaintiff,                    )
                                      )
v.                                    )
                                      )   No. 08-2689 D/P
HILTON HOTELS CORP.,                  )
                                      )
    Defendant.                    )
                                      )
                                      )

---

ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF TAX
RECORDS

---

Before the court is defendant Hilton Hotels Corporation's ("Hilton") Motion to Compel Production of Tax Records, filed September 9, 2009.  (D.E. 105.)  Plaintiff Manoj Kumar ("Kumar") filed a response in opposition on September 24, 2009.  Hilton replied on October 1, 2009.  For the following reasons, Hilton's motion is GRANTED.

I.  BACKGROUND

On October 14, 2008, Kumar filed the original complaint against his former employer Hilton for discrimination and retaliation on the basis of his national origin and citizenship status in violation of 28 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and the Tennessee Human Rights Act.  Kumar filed an amended complaint against Hilton on February 24, 2009.  In

his prayer for relief, Kumar asks for "[a]ccrual of back pay and front pay," among other damages.  (D.E. 1 at 12.)

Hilton served production requests on Kumar for "[a]ll documents reflecting or referencing income earned by Plaintiff from January 1, 2004 to the present including, but not limited to, Plaintiff's federal and state income tax forms, W-2 forms, payroll forms, and payroll stubs." (D.E. 105-2 at 2.)  Kumar answered on April 22, 2009:

> In addition to the foregoing general objections, Kumar objects to this request for production on the basis that it is overly broad and unduly vague, requests information that is already available to Hilton, and requests information that is protected from disclosure by the attorney work product doctrine and/or subject to the protections of attorney-client privilege.  Plaintiff's federal and state income tax forms are not relevant to this proceeding since they contain information about the Plaintiff's wife and her income.  Subject to and without waiving said objections, Kumar will produce all non-privileged, relevant and responsive documents in his care, custody or control and refers Hilton to the attached production.

(Id.) Kumar produced his W-2s for the years 2004 through 2008, but he did not produce his tax returns and other related documents, asserting that they were privileged and not relevant.  Hilton contends that the documents are relevant to the issue of Kumar's damages and are not privileged.  As a result of Kumar's refusal to produce additional tax records, Hilton brings this motion to compel their production.

## II.  ANALYSIS

## A.  Discovery of Income Tax Records

-2-

Hilton argues that the tax records are relevant to Kumar's claims for damages and therefore should be discoverable.  The scope of discovery is broad under the Federal Rules of Civil Procedure and is within the discretion of the trial court.  Lewis v. ACB Bus. Servs. Inc., 135 F.3d 389, 402 (6th Cir. 1998); Smith & Nephew, Inc. v. Fed. Ins. Co., No. 02-2455, 2005 U.S. Dist. LEXIS 31309, at *4-5 (W.D. Tenn. Nov. 14, 2005).  Federal Rule of Civil Procedure 26(b)(1) allows for the discovery of "any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  Rule 26(b)(1) provides further that the scope of discovery includes more than just evidence that will be admissible at trial.

Material is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence." Id.; see also United Oil Co. v. Parts Assocs., Inc., 227 F.R.D. 404, 410 (D. Md. 2005) ("[R]elevance for discovery purposes is viewed more liberally than relevance for evidentiary purposes.").  If the discovery request seeks relevant information, the party resisting discovery bears the burden of demonstrating why the request is irrelevant, unduly burdensome, or otherwise not discoverable under the Federal Rules. United Oil, 227 F.R.D. at 411; MJS Janitorial v. Kimco Corp., No. 03-2102MaV, 2004 WL 2905409, at *6 (W.D. Tenn. Apr. 19, 2004).  The court need not compel discovery of relevant material if it concludes that the request is "unreasonably cumulative or

-3-

duplicative . . . [or] the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(i), (iii).

Kumar contends that the tax returns are relevant to this case. He also argues that the information that Hilton seeks can be found from other sources, such as the W-2 forms he has already produced. Kumar urges this court to apply a "qualified privilege" for the production of the tax returns, citing <u>Terwilliger v. York International Corp.</u>, 176 F.R.D. 214 (W.D. Va. 1997). In <u>Terwilliger</u>, the court described the qualified privilege for tax returns as follows:

> Courts have made it increasingly clear that tax returns in the hands of a taxpayer are not privileged from civil discovery. Nevertheless, judicial consensus exists that, as a matter of policy, great caution should be exercised in ordering the disclosure of tax returns. Unnecessary disclosure of tax returns is to be avoided.
>
> Examination of case law reveals the emergence of a judicially developed qualified privilege that disfavors the disclosure of income tax returns as a matter of general federal policy. A two-prong test has been utilized to assess whether the qualified privilege should be overcome and a party's income tax returns should be disclosed. The court must determine whether (1) the tax return is relevant to the subject matter in dispute; and (2) a compelling need exists for the return, because the information sought is not obtainable from other sources. While the party seeking discovery of the tax returns bears the burden of establishing its relevance, the resisting party has the task to identify an alternative source for the information.
>
> In contrast, a minority of courts have held that the sole inquiry governing discovery of tax returns is whether the information contained in the return is relevant. This court, however, favors the two prong

-4-

> approach. . . . We believe that test artfully balances
> the privacy interest inherent in tax returns with the
> policy favoring broad civil discovery. Proper
> consideration is also afforded to the relevancy and
> materiality of the information.

Terwilliger, 176 F.R.D. at 216 (internal citations and quotations

omitted); see also Ruth v. Superior Consultant Holdings Corp., No.

99-71190, 2000 U.S. Dist. LEXIS 17250, at *5-6 (E.D. Mich. Oct. 16,

2000) (quoting Terwilliger).

Although this two-pronged test has been applied by courts in

various other circuits, see, e.g., Aliotti v. Senora, 217 F.R.D.

496, 497 (N.D. Cal. 2003); Gattegno v. Pricewaterhousecoopers, LLP,

205 F.R.D. 70, 72 (D. Conn. 2001); Land Ocean Logistics, Inc. v.

Aqua Gulf Corp., 181 F.R.D. 229, 238 (W.D.N.Y. 1998); Terwilliger,

176 F.R.D. at 216; but see Shearson Lehman Hutton, Inc. v. Lambros,

135 F.R.D. 195, 198 (M.D. Fla. 1990) (rejecting use of "quasi-

privilege" for tax returns and instead granting motion to compel

based on tax returns' relevance), neither the Sixth Circuit nor any

court in this district has expressly recognized a qualified

privilege for tax returns or adopted the two-step analysis.  To the

contrary, this court in Medtronic Sofamor Danek, Inc. v. Michelson,

No. 01-2373 (W.D. Tenn. Oct. 25, 2002), concluded that tax returns

are not privileged under either Tennessee law or federal common

law:

> Federal common law is consistent with Tennessee's law.
> The Sixth Circuit made clear in DeMarco v. C & L Masonry,
> Inc., 891 F.2d 1236 (6th Cir. 1989) that tax returns and
> other financial information enjoy no special privilege

> from disclosure. In <u>DeMarco</u>, union trustees sought to
> audit the corporate tax returns, business ledgers, and
> cash disbursement journals of employment contractors.
> The contractors protested, asserting that the information
> was confidential. The Sixth Circuit Court of Appeals
> held that such records were not " 'confidential' in the
> legal sense" and were not protected from disclosure.
> <u>DeMarco</u>, 891 F.2d at 1240 (citing with approval <u>Credit</u>
> <u>Life Ins. Co. v. Uniworld Ins. Co.</u>, 94 F.R.D. 113 (S.D.
> Ohio 1982)).

<u>Id.</u> at 9-10; <u>see also</u> <u>Westbrook v. Charlie Sciara & Son Produce</u>

<u>Co.</u>, No. 07-2657 Ma/P, 2008 WL 839745, at *3 (W.D. Tenn. Mar. 27,

2008); <u>EEOC v. SCI Tenn. Funeral Servs., Inc.</u>, No. 05-2718, at 6-7

(W.D. Tenn. June 30, 2006). Thus, the appropriate analysis is

whether the tax records are relevant to the claim or defense of any

party. Fed. R. Civ. P. 26(b)(1). Here, the court finds that

Kumar's income tax returns are relevant to the issues of damages

and mitigation. Moreover, because the court further finds that

there is no other basis under Rule 26 to preclude discovery in this

case, Hilton's motion is GRANTED.

**B. Spouse's Information Contained in Joint Income Tax Return**

Kumar argues that discovery of his income tax returns should

be prohibited because he filed joint income tax returns with his

spouse during the relevant period, and therefore the tax returns

contain confidential information relating to his spouse and should

be privileged. Although Hilton cites three cases that it contends

support its position that Kumar's spouse's tax returns are

discoverable, none of those cases are from this circuit.[1]   In line with previous rulings of this court, the court finds that Kumar's spouse has a privacy interest in her financial information that is not overcome by Hilton's need for discovery in this case.   See SCI Tenn. Funeral Servs., No. 05-2718, at 7 ("The court concludes that this redaction [of tax information] will adequately protect the spouses' privacy interests."); see also Fassihi v. St. Mary Hosp. of Livonia, 328 N.W.2d 132, 134-35 (Mich. Ct. App. 1982) (citing DeGraaff v. DeGraaff, 395 A.2d 525 (N.J. 1978)) (finding that redaction of spouse's information from tax returns preserves her legitimate expectation of privacy).   The court concludes that a redaction of financial information that relates solely to Kumar's spouse will adequately protect her privacy interest.

### III.   CONCLUSION

For the reasons above, Hilton's motion to compel production of tax records is GRANTED.   Manoj Kumar shall produce copies of his income tax returns filed for the years 2004 through 2009, within eleven (11) days from the date of this Order.   Prior to the production, Kumar may redact any information on the tax returns that relates to financial information solely for his spouse.

---

[1]Hilton cites O'Sullivan v. Saperston, 587 F. Supp. 1041 (S.D.N.Y. 1984); Young v. United States, 149 F.R.D. 199, 205 (S.D. Cal. 1993); and Shearson Lehman Hutton, Inc. v. Lambros, 135 F.R.D. 195, 196-97 (M.D. Fla. 1990).

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

October 30, 2009
Date

-8-